The next matter, number 24-1309, Michael Cogley v. State of Rhode Island et al. At this time, would counsel for the appellant please introduce himself on the record to  Yes, I'm John Siskopoulos. I represent the plaintiff, appellant Michael Cogley, who also happens to be in the courtroom here today. We appreciate the court taking its time to allow us to orally argue this case and I'll begin my argument. One last thing, can I reserve three minutes for rebuttal? You may. Well, the first thing about this case is it's a very tragic case because Michael Cogley has been beset with many legal problems which he should have never been beset with. Specifically, Michael Cogley in the Commonwealth of Massachusetts or in the State of Rhode Island never belonged on a sex offender registry list. And that was done when he initially took a plea bargain many years ago and the judge said he never belonged on a sex offender registry list. A Rhode Island judge by the name of Judge Flynn said, this man doesn't belong on the sex offender registry list. However, for approximately half a decade, this man who's facing middle age, he was a young man at the time and this affected his life and his career in many different respects. He was placed on a sex offender registry list for no good reason. He doesn't belong there. He never belonged there. And if you read his complaint painstakingly, I know it's a long complaint, he very, very well still be on the sex registry list of Rhode Island. He asserts that in 2021 when he went to get a background check, the officer there said, sir, it looks like you're still on the sex offender registry list. And if you ask me, that's a violation of his due process rights because they're not following the court order. It's also very dangerous because he can't keep coming back to court and expending legal fees to try to clear his name once and for all and move on with his life. The State of Rhode Island inflicted tremendous harm on this young man's life. All right, so you've picked out one fact, which is that he remains on the list. So you picked out the 2021 fact, which is that he's still on the registry after Judge Flynn's order. What do you say about the other? So he's been on the registry since 2013. He doesn't bring a lawsuit till, what is it, 2022, right? Well, he initially had to clear his name in 2020. OK, so my question is, where do you get the idea that he had to clear his name? That seems to be the thrust of this argument. So why does he have to clear his name through the Rhode Island court system before he proceeds with a federal 1983 action? What's the basis of that? Because until he cleared his name and if he ran to federal court and said, hey, I think I'm on a sex registry because they never leveled him. So technically, it's arguable that he wasn't on the sex registry list. It's kind of like you get a criminal conviction, right, after a jury trial, but you can't file a notice of appeal until you get sentenced by the judge. You have to wait, you know, six or seven months until they get the PCR and all that. So he couldn't do anything until he got his name cleared. Wasn't he on the, and correct me if I'm wrong, but my understanding is he was on the registry, which is why he was trying to have his name removed, because he was on there and in his view incorrectly. Well, I'm going to just briefly jump on the facts and I'll get back to the argument for a second. He was never on the registry while he was in Massachusetts and when he served his probation in Rhode Island, he was never placed on the registry then. All of a sudden, out of nowhere, a police officer showed up to his front door and said, you belong on the sex registry, sir. And if you don't sign this tonight, you're going to jail. And he, that's coercion. You're saying at the time, he wasn't, just so we understand, you're saying he wasn't actually on the sex offender registry list in Rhode Island? No, not until 2013. No. No, no. I'm sorry. Until he was leveled? He wasn't on the list? Or let me ask it a different way. When was he first placed on the sex offender list? In 2013. I believe it was September. I believe it was in 2013, he was placed on the sex offender list. And then he tried to clear his name and he was told by several officers who used to visit him, like for instance, Mr. Petarudi, he said, it looks like you don't belong on this list. And Mr. Cogley didn't want to incur all these legal fees. And it looked like they were going to clear this up. Because sometimes things clear up before you have to resort to coming to court. And what happened is, he had to hire Mr. Montalcavo, who said, listen, you have to clear your name. And when they finally leveled him, after five years, now let me also be clear about something else. Under Rhode Island law, they're supposed to level him within 30 days of being put on the sex offender list. They waited five years. So much of the delay, much of the delay, and by the way, they never argued lashes here, but the delay here is based upon them. They waited five years. And they've never provided one excuse why they waited five years and ruined this man's life. Because I'll give you an instance how they ruined his life. So they may have done a lot of things bad, I don't know. But the judge is saying. Which judge, Your Honor? Judge McElroy is saying, this doesn't meet the statute of limitations because in 2022, all of the bad things you just told me were more than three years in the past. And the statute of limitations is three years from when the injury happened. And the injury is either he's put on the list or he's made to level for the list. But all of that is more than three years ago. Well, Mr. Cogley, if you read it, obviously, I'm sure you read his papers, but he's not a lawyer. Okay? And we have to give a certain liberality and generosity to a pro se litigant, okay? He talks about that. He could not, he doesn't use the word heck initially, but he says, I had to clear my name before I could bring any suit. Is that right? That's the fundamental, to me, at least, that's the fundamental question. Do you have to clear your name through some kind of state administrative proceeding or judicial proceeding before you challenge a sex offender registry, because it's not exactly like a criminal proceeding. I mean, it's actually... Well, I mean, if they say you signed this or you're going to jail, I kind of think it is a criminal proceeding. No, I think what we're trying to say is if he was on the list, and his view is he shouldn't be on the list, and he never should have been on the list, and he may well be right, but if he's on the list and he knows he's on the list and he shouldn't be, why didn't he file suit then? Because the way that the law is laid out in the case laws is you need to file suit or the statute of limitations begins to run once you know that you've been injured, so I think that's what we're trying to ask is why couldn't he have filed then? Well, because the state of Rhode Island could correct itself, which they did with Judge Flynn's order. They said that this young man doesn't belong on the list. They agreed that the Massachusetts judgment in 2017 said he didn't belong on the list. And I'll just get to one second about heck, why I think heck should apply, Your Honor, because you said why should we apply heck. If you don't have the heck standard, you have a very busy federal docket, you do, but if you don't apply the heck standard, what's the standard? The first time a cop comes to your door and says, I think you belong on the list, it would become an amorphous standard, but any of these guys can come at any time and overrun your courts. It puts the accrual date completely in his own control, because he could wait. Under Rhode Island's thinking, if he continued to live in Rhode Island, he had to remain registered forever, right? I mean, until... No, that was not the reason, I don't believe. What I'm saying is, if your theory is right, it's totally up to him when his claim accrues, because he chooses when to go see the judge to try to get himself off the list. Well, I'll say two things. One, I believe heck would apply, and I agree would be 2020, January 9th, when he finally gets the clearance from Judge Flynn. But if you're going to take reasonable inferences from his complaint, he says, I'm still on this list. It's not a republication. Somebody told him, you're still on the list. That means statute of limitations loses at this point. Thank you. I reserve three minutes. Thank you. Thank you, counsel. At this time, counsel for the state of Rhode Island, please introduce himself on the record to begin. Thank you. Good morning, your honors. Special Assistant Attorney General Patrick Reynolds, representing the state defendants. This court should affirm the district court's dismissal of all plaintiff's claims against the state defendants. As the district court correctly held, all the plaintiff's claims are barred by the statute of limitations, and this is dispositive. Plaintiff filed his complaint in December 2022, thus any action that creates federal liability must have alleged to have occurred after December 2019. However, here, all of the alleged actions that could potentially lead to federal liability occurred before December 2019. As the district court correctly noted, the only alleged action that occurred within the statute of limitations was that the Rhode Island state database or website allegedly contained information about Mr. Cogley's past listing on the list. As the district court noted, at most, that would state a claim for violation of a state court order, the remedy for which could be found in the state court. But for the plaintiff to evade the statute of limitations in a federal 1983 claim, he has to allege actions taken by the defendants that lead to federal liability within the statute of limitations. It's not enough to merely allege any actions committed by the defendants. Well, doesn't it matter? I mean, why can't that be styled as some kind of due process claim, some kind of shocks to conscience behavior by some officer who knows he's supposed to take him off and he doesn't like this guy, so he leaves him on the list? We don't know that. So, it seems like when it comes to due process from the complainant's complaint, he only makes a due process claim arguably against the RISORB, the Rhode Island Tax Finance Report. Okay, but he is pro se. That's correct. And so, let's just take the one fact that is within the statute of limitations. I guess you're saying that just can't possibly be a federal claim, and I guess I'm not sure why that is. The judge says do this, they don't do it, and I understand it's a Rhode Island judge saying it, but if they did it in a way, I don't know, if they did it in a way that shocks the conscience, I don't know, is there no federal potential to bring that claim? So, the only case law that the plaintiff cites to support that notion that it could be a federal due process claim is a federal district court case from New York. First, that case isn't binding on this court, but secondly, that case was a very specific, I think, egregious fact of circumstances where the defendants refused to release a plaintiff from prison even after the court ordered them released, and even the New York federal courts themselves have refused to extend that precedent, extend that logic to other factual circumstances. They really limited it just to that unique factual circumstance, and I think obviously here the posting of information on a website or a database is certainly not akin to keeping someone incarcerated after a court has ordered them released. What is your response to his argument that all the earlier claims can't be brought until he gets a ruling from a Rhode Island court that says he's been right about the sex offender registry? Why is that not a correct argument? So, the plaintiff was not barred from bringing his claims until he was removed from the sexual sex offense registry by the Superior Court in Rhode Island. The reason being that HEC doesn't apply here. HEC stands for the proposition that a 1983 claim cannot be brought until a wrongful conviction or sentence has been overturned, until a conviction or sentence has been overturned. But placement on the sex offender registry list is not a criminal conviction and is not a criminal sanction. So I read the briefs that say this is like a malicious prosecution claim, and that that accrues when the claim is resolved in your favor. So what they're saying is, you've been on the list, it's a government action taken against you that has criminal consequences, and I can't complain about that as far as a due process or equal protection violation until I demonstrate that's not true. That's when it accrues, when I get the ruling that the proceeding is over. And so why is it wrong to think of the registration as the proceeding that has ended favorably to him? Well, that would be true if placement on the registry was a criminal sanction. But as the First Circuit has found, as the United States Supreme Court has found, placement on the sex offender registry list is a civil, non-punitive regulatory measure. It is not a criminal sanction. And so for that reason, there would have been no bar for plaintiffs who had brought these claims earlier. And were there ways he could have appealed that through the Rhode Island administrative procedure that he didn't avail himself of? And he did. That's sort of how we ended up here. The reason he was able to get off the list is he appealed the Rhode Island Sex Offender Registry Board's decision in the Superior Court, he filed an objection to their classification of him as a Level II sex offender, and that's how he came off the list in the first place. So here he was able to use due process, he was able to follow the process set up, get off of the list, and remedy any past harms that he may have alleged happened. He says that he's still on the list. Can you respond to that? So in his complaint, he says sort of two things. So first, he says that he was informed by individuals that he is still on, or he's been removed from a national database of sex offenders, but the internal database, the Rhode Island State Police use, he still is on there. He alleges, he also alleges that... I guess I'm asking you, and it is outside the record, but you're representing the state of Rhode Island. Yes. So is he still on an internal Rhode Island list? Do you know? I'm not sure the answer to that. I think, though, there's a key distinction between being on the list insofar as if he fails to register, he'd have a criminal sanction against him, or he has to notify his neighbors or people find out he's on the list. It's very different from being on an internal government document the state police are using for their own purposes. Why would that be? Why, I mean, if the state police see that he's on this list, can't they still target him? I mean, I know he now lives in Massachusetts, but couldn't they, in theory, if he went back to Rhode Island, target him for some sort of harmful conduct like they did in the past? I mean, it just seems to me that I would be very concerned if I was on a sex offender registry list incorrectly, so I'm just trying to understand what you mean that it doesn't matter that he's still on the list. I think it doesn't matter insofar as the alleged harms would be if you are actually on the sex offender registry list and you've failed to register, you've failed to notify your neighbors, you've failed to comply with what you have to do if you're registered, there could be a criminal sanction against you. But since he is not on this national list and he does not allege he's been required to register by the North Smithfield Police or the Rhode Island State Police or anything like he alleged happened earlier in his complaint. I missed, I think, one part of your argument with respect to being on the list. He could have brought the suit before he was ultimately determined to not, should not have been on the list. I thought that the issuance of an arrest warrant, for example, in Rhode Island, the leveling process procedure would both constitute legal processes that could ground a malicious prosecution case with the clock beginning to run once it's determined that they were both inappropriate. Am I wrong about that? So I think there's two issues with that. First, I don't think it would be akin to a malicious prosecution. Set that aside. Yes. So I think that if you look at the district court's decision, the district court judge addressed this issue of a due process claim against the Rhode Island Sex Offender Registry Board by noting that they have quasi-judicial immunity and so the judge didn't go any further analyzing that claim because it is barred by quasi-judicial immunity.  So now come back to malicious prosecution. Why could a magistrate judge take this, have taken this pro se complaint and read it liberally to allege malicious prosecution? No, because malicious prosecution requires a conviction to be overturned. Here the only criminal conviction... It specifically requires conviction to be overturned? Criminal conviction or sanction. And here... Do you have a malicious prosecution based on a civil proceeding that's brought? Or for that matter, procuring an arrest warrant? Even if you could, the arrest warrant was procured in 2013, so clearly beyond the statute of limitations. The only way you could still have this claim within the statute of limitations is if you have HECC or something making it so the plaintiff couldn't have brought the claims earlier. But again, HECC does not apply here because placement on the sex offender registry list is not a criminal sanction or conviction. Thank you. Thank you, counsel. At this time, would counsel for the other appellees please introduce himself on the record to begin? You have a two minute response. Conor Holliday for the municipal appellees. May it please the court, the determinative issue here is whether or not the district court properly ruled that the statute of limitations bars Mr. Cogley's claims as a matter of law. And I would submit to you that they do, especially as it relates to the municipal appellees here. The applicable statute of limitations is drawn from Rhode Island state law governing personal injury actions, which is three years. And personal injury actions is, I would submit, the most analogous tort to this case. I know that conversation has been brought up and that it's actually malicious prosecution. That's the most analogous, but I'll get to that in a second. I don't believe that is the case. With the three years, the complaint as it relates to the municipal appellees alleges wrongful conduct that occurred between 2013 to March 19th of 2019. If Mr. Cogley wished to pursue a timely claim against the municipal appellees, then he should have filed suit either on or before March 19th of 2022, but he didn't. He filed suit on December 22nd of 2022. Well, you better get to the malicious prosecution in your 55 seconds because it comes down to the accrual date. And the accrual date might be governed by how Rhode Island treats malicious prosecution, which would be when the legal process against you is resolved. So they may have done things for years. There was this arrest warrant, and it doesn't really get resolved until the state judge does something. Why is that the wrong way to think about it? With Rhode Island law, there's a statute that required him to register under the state. Now he disputes that. He might be right on the merits. Why is the accrual date not the date of the judge's order that you don't have to register? Because to get there, you would have to apply what's established in HEC, and HEC has been applied in situations where a person has been convicted of a crime, and they seek redress after that conviction or that sentence has been overturned or invalidated in some capacity. And that has not happened here. Thank you. Thank you, counsel. At this time, counsel, for the appellant, please reintroduce himself. He has a three-minute rebuttal. Yes, Attorney Johnson. Scott Blues for Appellant Michael Cogley. My brother, as we say in Massachusetts here, acknowledged he does not know if he said, I'm sorry, he said, I'm not sure if Mr. Cogley is still on the list. That answer wouldn't even satisfy a summary judgment standard. In a motion to dismiss, we can do all this beautiful talk like reasonable inferences to the favor of the plaintiff and pro se complainants have to be treated with liberality, but if we don't apply the law, we're just wasting time with nice headings on a legal brief. This man, I believe, is still on the list, okay? And if he's still on the list, he can seek relief in a federal court. He's also could seek relief, equitably relief. So a federal judge can finally say, get this man off the list. He doesn't belong here anymore. What claim do you think he can seek that relief under, specifically? Well, he has sought- Federal claim. Sorry, Your Honor. What federal claim? His due process has been violated in a variety of ways. I mean, right now, they're not, I believe they're not following a court order. That's a federal claim. Do you see it as a substantive due process claim, a procedural due process claim? Can you just spell your claim more clearly for us? There's a variety of due process, procedural and substantive. Let's talk about procedural. They took five years to level him. I just, I still can't believe it, that it would take five years. And that would be a procedural due process claim because they didn't follow their own law. And they didn't give him the opportunity to say, hey, I don't belong on this list. In the meantime, while Mr. Montecalvo is representing him, a officer called John Rabbit, here's one thing I find to be very amusing, they're like, we were doing this because of federal law, right? And now, all of a sudden, they're like, well, we're doing this because of Rhode Island. We're doing this because of Rhode Island law. But why did Mr. Rabbit come to Massachusetts, to a Massachusetts employer, with a bunch of Massachusetts employees, to announce to Mr. Coggrey's colleagues that he was a sex offender? How did that, how does that help? First of all, he wasn't even on the sex offender list of Massachusetts. That shows you the kind of really despicable actions this is because he ended up losing his job because of this, from Mr. Rabbit. And also, the other thing here is, maybe I shouldn't even go there, but if you notice, some people say there wasn't an arrest warrant, but if you look at the record most favorably to Mr. Coggley, okay, actually, even if you look at the, you have to assume his allegations is true. In December of 19, according to their own thing, something had happened in December of 19, and Mr. Wheeler says, sir, I have an arrest warrant for you, you have to turn yourself in. So, even according to their own standards, which they're not supposed to get the favorable inferences to this side, they're supposed to go to Mr. Coggley, even using their inferences, he still meets the statute of limitations. Also failure to state a claim, finally, one last thing, he never got a chance to re-amend his complaint. Even a non-prosecuted litigant will get a chance to amend his complaint. He should too. Thank you so much. Thank you. Thank you, counsel. That ends argument in this case. All rise. Thank you.